[Cite as *State v. Cline*, 2014-Ohio-241.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,          :          Case No.  13CA7
                                        :
    vs.                          :
                                        :          <u>DECISION AND JUDGMENT</u>
LESLIE G. CLINE,                        :          <u>ENTRY</u>
                                        :
    Defendant-Appellant.         :          **Released: 01/21/14**
_____

<u>APPEARANCES:</u>

Timothy Young, Ohio Public Defender, and Melissa M. Prendergast,
Assistant State Public Defender, Columbus, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Jayme Hartley Fountain,
Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

_____

McFarland, J.

{¶1}  Leslie Cline appeals his conviction and sentence in the

Pickaway County Court of Common Pleas imposed after he pled guilty to

one count of trafficking in heroin, a felony of the fifth degree.  On appeal,

Appellant raises three assignments of error contending that 1) he was

deprived of state and federal right to due process when the trial court

accepted an unknowing, unintelligent, and involuntary guilty plea; 2) the

trial court erred as a matter of law when it sentenced him to consecutive

prison terms without making the findings necessary to impose consecutive

prison terms; and 3) trial counsel provided ineffective assistance when he failed to object to the trial court's insufficient plea colloquy and erroneous imposition of consecutive sentences.

{¶2} Because we find that the trial court failed to strictly comply with Crim.R. 11(C)(2)(c) when accepting Appellant's plea, Appellant's first assignment of error is sustained. As such, we find that Appellant's plea is invalid and must be vacated. In light of our disposition of Appellant's first assignment of error, Appellant's second and third assignments of error have been rendered moot and we do not address them. Accordingly, Appellant's plea, conviction and sentence are vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

FACTS

{¶3} This matter comes to us on appeal after the Pickaway County Court of Common Pleas convicted and sentenced Appellant, Leslie Cline, on one fifth degree felony count of trafficking in heroin, after he pled guilty to that charge on December 19, 2012. The facts are as follows, as agreed upon by the parties on appeal:

"A Pickaway County Grand Jury indicted Mr. Cline on one count of trafficking in heroin, in violation of R.C. 2925.03(C), based on the allegation that he sold four balls of heroin for $80.

On December 19, 2012, the trial court held a plea hearing. Prior to accepting Mr. Cline's guilty plea to the sole count of trafficking in heroin, a fifth-degree felony, the following exchange occurred between the trial court and Mr. Cline:

'THE COURT: You understand by pleading guilty, you're giving up your right to have a jury trial and your right to make the State of Ohio provide [sic] you guilty beyond a reasonable doubt, twelve people from Pickaway County. If you plead guilty, you're admitting the truth of the allegations contained in this charge, and as a result of your conviction and sentence upon your release from prison, you're subject to the possibility of post release control for three years, which is like what we used to call parole. It's not mandatory in this case, but it's possible. If that happens there will be rules and regulations concerning your conduct, you'll have a parole officer monitoring you, if you violate those rules and regulations, they can make you go back to prison for up to nine months on each violation. Legally, the violations can total up to one-half of the original sentence I give to

you, which even if I gave you the maximum would be half of twelve is six. That's not a big deal. More importantly is, if you get convicted of a new felony while on post release control, you can be made to return to prison under this case to serve the greater of one year or time remaining on post release control, which could be up to three years. And, by law, that has to be served consecutive, which means back-to-back with any sentence you receive due to that new felony conviction.

THE DEFENDANT:     I understand, Your Honor.

THE COURT:     Any questions about your rights?

THE DEFENDANT:     Not about my rights. No, Your Honor.'

Following this exchange, the trial court accepted Mr. Cline's guilty plea to the sole count of trafficking in heroin.

The trial court held Mr. Cline's sentencing hearing on March 13, 2013. The State recommended that the court sentence Mr. Cline to eight-months incarceration. Through his defense attorney, Mr. Cline requested that the court order any prison sentence imposed in this case to run concurrently to the

nine-month prison sentence Mr. Cline received in Shelby County Case No. 12CR000002.[1] In response, the trial court stated 'There's no way. I don't even know how to spell concurrent.' Mr. Cline pointed out that despite his criminal history, he had never before served a prison sentence, to which the court replied:

'Well, you're lucky. Because people probably kept doing what you're asking me to do, have pity on you or whatever. Well, you're getting a little bit old for this too. You're younger than I am, but at 53 years of age I'd think you'd knock this off.

For this offense it will be the order of the court that you stand committed to the correction reception center for a period of nine months, pay the court costs, your driver's license suspended six months, and that sentence is consecutive to the one you're currently serving from Shelby County. That's all.' "

**{¶4}** The trial court filed an entry of sentence and advisement of discretionary post release control on March 15, 2013. Appellant filed a pro

---

[1] Mr. Cline pleaded guilty to one fifth degree felony count of possession of criminal tools, in violation of R.C. 2923.24, and on January 16, 2013, was sentenced to twelve months in prison. Jan. 16, 2013 Judgment Entry on Community Control, Shelby Co. Case No. 12CR000002.

se motion for leave to file a delayed appeal on May 14, 2013, which this

Court granted. Thus, this matter is now properly before us on review,

Appellant having raised three assignments of error as follows.

ASSIGNMENTS OF ERROR

"I.     MR. CLINE WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS
        UNDER THE FOURTEENTH AMENDMENT TO THE UNITED
        STATES CONSTITUTION AND SECTION 10, ARTICLE I OF
        THE OHIO CONSTITUTION WHEN THE TRIAL COURT
        ACCEPTED AN UNKNOWING, UNINTELLIGENT, AND
        INVOLUNTARY GUILTY PLEA.

II.     THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT
        SENTENCED MR. CLINE TO CONSECUTIVE PRISON TERMS
        WITHOUT MAKING THE FINDINGS NECESSARY TO IMPOSE
        CONSECUTIVE PRISON TERMS UNDER R.C. 2929.14.

III.    TRIAL COUNSEL PROVIDED CONSTITUTIONALLY
        INEFFECTIVE ASSISTANCE WHEN HE FAILED TO OBJECT
        TO THE TRIAL COURT'S INSUFFICIENT PLEA COLLOQUY
        AND ERRONEOUS IMPOSITION OF CONSECUTIVE
        SENTENCES."

ASSIGNMENT OF ERROR I

{¶5}  In his first assignment of error, Appellant contends that he was

deprived of his right to due process under both the federal and state

constitutions when the trial court accepted an unknowing, unintelligent, and

involuntary guilty plea. The State candidly concedes in its brief that the trial

court failed to advise Appellant that by pleading guilty he was waiving his

constitutional rights to confront his accusers, compulsory process to obtain witnesses, and his privilege against self incrimination.

{¶6} The ultimate inquiry when reviewing a trial court's acceptance of a guilty plea is whether the defendant entered the plea in a knowing, intelligent, and voluntary manner. See *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7; citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A defendant enters a plea in a knowing, intelligent, and voluntary manner when the trial court fully advises the defendant of all the constitutional and procedural protections set forth in Crim.R. 11(C) that a guilty plea waives. See *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; citing *Engle* at 527; *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48. Thus, when a court reviews a trial court's acceptance of a guilty plea, it must independently review the record to ensure that the trial court followed the dictates of Crim.R. 11(C). See *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991) ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11(C) have been followed."); *Eckler* at ¶ 48 (noting that standard of review is de novo); *State v. Hamilton*, 4th Dist. Hocking No. 05CA4, 2005-

Ohio-5450, ¶ 9; see, also, *State v. Gilmore*, 8th Dist. Cuyahoga Nos. 92106-92109, 2009-Ohio-4230, ¶ 12.

**{¶7}** Crim.R. 11(C)(2)(a)-(c) sets forth the process a trial court must follow before accepting a guilty plea. The rule prohibits a trial court from accepting a guilty plea unless the court personally addresses the defendant and (1) determines "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing[;]" (2) informs "the defendant of and determin[es] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence[;]" and (3) informs "the defendant and determin[es] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

**{¶8}** When a trial court engages in a plea colloquy with the defendant, it must strictly comply with Crim.R. 11(C)(2)(c), which sets forth

the constitutional rights a guilty plea waives. Thus, the trial court must explain to the defendant, either literally or in a reasonably intelligible manner, that a guilty plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Veney* at syllabus and ¶¶ 18, 27 (stating that trial court must literally comply with Crim.R. 11(C)(2)(c), but its failure to do so will not invalidate a plea when the trial court adequately conveys the information to the defendant in a reasonably intelligible manner). Failure to do so renders the plea invalid. Id. at syllabus.

{¶9} "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea * * *." *Clark* at ¶ 29; see, also, *State v. Ballard*, 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981) (stating that "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty"). Thus, " '[l]iteral compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations.' " *Clark* at ¶

29; quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814

N.E.2d 51, ¶ 19, fn.2.

{¶10}  However, "a rote recitation of Crim.R. 11(C) is not required,

and failure to use the exact language of the rule is not fatal to the plea."

*Ballard*  at 480.  Instead, the trial court need only "explain[ ] or refer[ ]" to

the Crim.R. 11(C) protections "in a manner reasonably intelligible to that

defendant." Id.; see, also, *Veney* at ¶ 27 (stating that "a trial court can still

convey the requisite information on constitutional rights to the defendant

even when the court does not provide a word-for-word recitation of the

criminal rule, so long as the trial court actually explains the rights to the

defendant").  Thus, a reviewing court should not invalidate a plea merely

because a trial court did not engage in a "formalistic litany of constitutional

rights." *Ballard* at 480.

{¶11}  The case sub judice is not one which involves the question of

whether the specific language used by the trial court adequately conveyed to

Appellant the rights in which he was waiving by pleading guilty.  Rather, as

argued by Appellant and conceded by the State, this case involves a situation

where the trial court completely failed to inform Appellant of certain

constitutional rights during the on-the-record colloquy, which is required by

Crim.R. 11(C)(2)(c).  As set forth above, the trial court's advisement of the

constitutional rights Appellant was waiving during the colloquy consisted of the following:

> "You understand by pleading guilty, you're giving up your right to have a jury trial and your right to make the State of Ohio provide [sic] you guilty beyond a reasonable doubt, twelve people from Pickaway County."

Thus, the trial court completely failed to inform Appellant that he was waiving his constitutional rights to confront his accusers, compulsory process to obtain witnesses, and his privilege against self incrimination.

{¶12} As set forth above, strict compliance with the requirements of Crim.R. 11(C)(2)(c) is required. *State v. Veney* at ¶ 18. As such, the trial court was required to advise Appellant of the right to a jury trial, the right to confront his accusers, the privilege against compulsory self incrimination, the right to compulsory process to obtain witnesses, and the right to require the State to prove his guilt beyond a reasonable doubt. Id. The Supreme Court of Ohio in *Veney* found that the failure to mention one of these rights results in the plea being "constitutionally infirm" and thus "presumptively invalid." Id. at ¶¶ 26, 29; see, also *State v. Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541, ¶ 18.

{¶13}  Because the trial court failed to advise Appellant that he was waiving his constitutional rights to confront his accusers, compulsory process to obtain witnesses, and his privilege against self incrimination, upon accepting his plea of guilt, Appellant's plea is constitutionally infirm and, as a result, presumptively invalid.  Thus, Appellant's first assignment of error is sustained.  Accordingly, Appellant's plea must be vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

ASSIGNMENTS OF ERROR II AND III

{¶14}  In light of our disposition of Appellant's first assignment of error, which vacated Appellant's plea and remanded this matter to the trial court for further proceedings, the arguments raised under Appellant's second and third assignments of error have been rendered moot.  Thus, we do not address them.

**JUDGMENT VACATED AND REMANDED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE VACATED AND REMANDED and Appellant recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Matthew W. McFarland, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**