[Cite as *State v. Johnson*, 2016-Ohio-7945.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No.  15AP-1021 |
| | | (C.P.C. No. 14CR-2390) |
| Plaintiff-Appellee, | : | |
| | | No.  15AP-1022 |
| v. | : | (C.P.C. No. 13CR-6559) |
| Raymond M. Johnson, | : | No.  15AP-1023 |
| | | (C.P.C. No. 14CR-1258) |
| Defendant-Appellant. | : | |
| | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on November 29, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} In this appeal from his criminal sentence, defendant-appellant, Raymond M. Johnson, argues that his guilty pleas were not knowing, intelligent and voluntary because the trial court failed to advise him of his right to confront witnesses, as required by Crim.R. 11(C)(2)(c). Because the rule requires strict compliance, Johnson's pleas were invalid. We therefore vacate the guilty pleas, reverse the judgments of conviction, and remand this case to the trial court.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2}  In three separate indictments, Johnson was charged with committing the following offenses: two counts of murder with firearm specifications under R.C. 2903.02; two counts of improperly discharging a firearm under R.C. 2923.161; eight counts of felonious assault with firearm specifications under R.C. 2903.11; having a weapon while

under disability under R.C. 2923.13; permitting drug abuse under R.C. 2925.13; and failure to appear on recognizance, in violation of R.C. 2937.99. (Dec. 13, 2013 Indictment; Mar. 12, 2014 Indictment; May 6, 2014 Indictment.)

{¶ 3} On the morning of Johnson's scheduled trial, October 5, 2015, a plea agreement was reached. (Oct. 5, 2014 Tr. at 2.) Johnson pled guilty to one of the murder counts, having a weapon while under disability, permitting drug abuse, and failure to appear, and the state dismissed all other charges against him. (Tr. at 9, 13, 20-22.)

{¶ 4} During the plea colloquy, the trial court advised Johnson that by pleading guilty, he was giving up: the right to a jury trial; his right to have the state prove beyond a reasonable doubt that he was guilty of all offenses for which he had been charged; the right to not be compelled to testify; the right to have individual charges, such as the firearm specification, tried before the bench instead of a jury; the right to compulsory process; and the right to appeal any trial errors. (Tr. at 17-19.) After advising Johnson of these rights, the trial court accepted his guilty pleas and imposed sentence. (Tr. at 20, 26, 29-30.)

{¶ 5} Johnson now appeals, asserting the following assignment of error:

> The trial court erred by entering judgments of conviction based upon guilty pleas that were not knowing, intelligent, and voluntary.

## II. ANALYSIS

{¶ 6} Crim.R. 11(C)(2)(c) states that a court "shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * [i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 7} A trial court has a duty to strictly comply with Crim.R. 11(C)(2)(c) before accepting a guilty plea, as the provision ensures the knowing and intelligent waiver of a defendant's constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200. "When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." *Id.* at syllabus.

{¶ 8}   Johnson argues that the trial court failed to advise him of his right to confront witnesses at trial, and that his plea was therefore invalid under *Veney*. After reviewing the transcript of the plea colloquy, we agree. The trial court advised him of all the constitutional rights required by Crim.R. 11(C)(2)(c) *except* the Confrontation Clause right before accepting the guilty pleas. (Tr. at 16-22.) Under *Veney*, Johnson's guilty pleas were invalid.

{¶ 9}   The state appears to concede that the trial court failed to inform Johnson of his Confrontation Clause right, as Crim.R. 11(C)(2)(c) requires. (Appellee's Brief at 1.) However, the state argues that it was harmless error under Crim.R. 52(a), and that Johnson's failure to object requires application of the plain error standard of review under Crim.R. 52(b). (Appellee's Brief at 2-12.) The state argues that *Veney* "stands on extremely weak footing" since the Supreme Court of Ohio decided *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, because *Barker* "favorably cited" a U.S. Supreme Court case, *United States v. Vonn*, 535 U.S. 55, 59 (2002), that requires a defendant to demonstrate harmless error under the federal counterpart to Crim.R. 52 if a trial court fails to expressly inform the defendant of the constitutional rights being waived during a plea colloquy. (Appellee's Brief at 5.)

{¶ 10} We do not read *Barker* as a repudiation of *Veney* or the standard it requires of the trial court when accepting a guilty plea under CrimR. 11. In *Barker*, the Supreme Court of Ohio merely held that *Veney*'s "strict, or literal compliance" standard had been satisfied when the trial court referred to a defendant's "right to call witnesses to speak on your behalf" without invoking the express language of Crim.R. 11(C)(2)(c). *Barker* at paragraph one of the syllabus. This holding is completely harmonious with *Veney*, which stated that its previous case law had "recognized that a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981).

{¶ 11} The *Barker* court only cited *Vonn* once, and did so when stating the following:

>   Thus, when a trial court addresses all the constitutional rights
>   in the oral colloquy, a reviewing court should be permitted to

> consider additional record evidence to reconcile any alleged ambiguity in it. We further note that this interpretation comports with federal law, which does not require automatic vacation of a plea when a judge fails to inform a defendant of a *Boykin* right. *Boykin*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *See United States v. Vonn* (2002), 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90.

*Barker* at ¶ 24.

{¶ 12} This fleeting reference to *Vonn* provides no support for the state's argument that, after *Barker*, a plain error standard applies to review of guilty pleas under Crim.R. 11(C)(2)(c).

{¶ 13} Here, in contrast to *Barker*, the trial court did not "address[] all the constitutional rights in the oral colloquy," as it failed to even mention the defendant's Confrontation Clause right. *Barker* would only apply in this case if the trial court had informed Johnson of his Confrontation Clause right in a manner that did not conform to the exact language of Crim.R. 11(C)(2)(c), but nevertheless communicated its meaning to the defendant. This did not occur during Johnson's plea colloquy, as the trial court was silent altogether regarding his Confrontation Clause right.

{¶ 14} Because the trial court omitted any mention of Johnson's Confrontation Clause rights as required by Crim.R. 11(C)(2)(c) during the plea colloquy, it failed to strictly comply with the rule. *Veney* at ¶ 30 (Where it was "undisputed that the trial court plainly failed to orally inform [the defendant] of his constitutional right to require the state to prove his guilt beyond a reasonable doubt," such "failure to strictly comply with Crim.R. 11(C)(2)(c) renders [the defendant's] plea invalid."). Under *Veney*, Johnson's guilty pleas are invalid. Accordingly, we vacate the guilty pleas, reverse the convictions, and remand this case to the trial court.

*Guilty pleas vacated; judgment reversed and cause remanded.*

TYACK and KLATT, JJ., concur.

———————————