[Cite as *State v. Doucoure*, 2025-Ohio-4770.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 24CA33 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| DOGA JUNIOR DOUCOURE, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | |
| | : | **RELEASED: 10/06/2025** |

_____

<u>APPEARANCES</u>:

Angela Miller, Jupiter, Florida, for appellant.

Keller Blackburn, Athens County Prosecutor, and Andrew T. Sanderson, Assistant Athens County Prosecutor, Athens, Ohio, for appellee.

_____

Wilkin, J.

{¶1} This is an appeal of an Athens County Court of Common Pleas judgment entry in which Doga Doucoure ("Doucoure") was convicted of fifth-degree felony obstructing official business. On appeal Smith asserts his guilty plea was not voluntary, knowing, and intelligent and therefore violated the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution and Crim.R. 11(C). After reviewing the parties' arguments, the record, and the applicable law, we find the trial court did not properly inform Doucoure of his constitutional right to confront his accusers. For that reason, we sustain the sole assignment of error and reverse the trial court's judgment.

## BACKGROUND

{¶2} On January 23, 2023, an Athens County Grand Jury indicted Doucoure with a single count of obstructing official business, a fifth-degree felony, in violation of R.C. 2921.31(A).  From the record, it can be garnered that on July 31, 2022 on Court Street in Athens County, Doucoure was involved in an altercation.  When police responded Doucoure resisted and fled, resulting in a pursuit that caused the officer to injure his knee.  At his arraignment on February 15, 2023, Doucoure entered a not guilty plea, with the assistance of counsel, and the trial court released him on his own recognizance.

{¶3} On July 17, 2023, Doucoure appeared for a change of plea hearing.  At that time, with the assistance of counsel, he pled guilty to the sole count in the indictment, and the parties jointly recommended pretrial diversion (the Athens County Empowerment Program).  Doucoure had been screened and found not to have a prior history.  The matter was therefore held in abeyance pending the outcome of diversion.

{¶4} On August 13, 2024, the State filed a notice to alert the trial court that Doucoure had been terminated from the diversion program for noncompliance.  The trial court then scheduled a hearing for October 24, 2024.  At that hearing, the trial court found Doucoure had been unable to complete diversion, entered Doucoure's previous guilty plea, and accepted the parties' joint recommendation for three years of community control.

{¶5} The trial court sentenced Doucoure to three years of community control with conditions, with an order to pay court costs associated with the

diversion program.  Doucoure then submitted a timely notice of appeal of the judgment entry of October 25, 2024.

ASSIGNMENT OF ERROR

I.      APPELLANT DOUCOURE'S GUILTY PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND CRIM.R. 11(C).

**{¶6}** In his sole assignment of error, Doucoure contends the trial court erred when it accepted his guilty plea because it did not strictly comply with Crim.R. 11(C)(2)(c).  Specifically, Doucoure claims that the trial court did not address Doucoure's right to confront his accusers and obtain an explicit waiver of the right from him.

**{¶7}** The State points out that Doucoure did not raise this issue in the trial court, nor raise the issue of an infirm guilty plea until he failed to meet the obligations of the negotiated outcome, and a warrant for his arrest was in effect to revoke his community control.  Thus, the State asserts that Doucoure waived his right to argue for his conviction to be vacated because he did not address it at the time of sentencing, and he has not demonstrated plain error.  In the alternative, the State argues that, even if Doucoure did not waive his right to appeal his conviction, the error is harmless because he has not shown prejudice. The State also posits Doucoure should have raised on appeal an ineffective assistance of counsel claim because Doucoure had been represented by counsel at the time of the plea.  Additionally, the State asserts that the fact a motion to withdraw plea had never been filed should be germane to our decision.

**{¶8}** Doucoure in turn responds that the judgment entry of conviction was not entered until October 25, 2024 because his guilty plea was "held in abeyance" by entry of July 17, 2023.  Thus, the final appealable order setting out the conviction was on October 25, 2024.  He also argues the other arguments of the State are without merit.

A.  Law.

1.  Standard of Review

**{¶9}**  " ' "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." ' " *State v. Betts*, 2017-Ohio-8595, ¶ 16 (4th Dist.), quoting *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). We determine whether a guilty plea is knowing, intelligent, and voluntary by applying " ' "a de novo standard of review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." ' " *Id*., quoting *State v. Leonhart*, 2014-Ohio-5601, ¶ 36 (4th Dist.), quoting *State v. Moore*, 2014-Ohio-3024, ¶ 13 (4th Dist.). "[A]n appellate court conducts a de novo review, without deference to the trial court's determination." *State v. Blanton*, 2018-Ohio-1278, ¶ 50 (4th Dist.).

2. Crim.R. 11

**{¶10}**  "Crim.R. 11(C)(2) governs the acceptance of guilty pleas by the trial court in felony cases and provides that a trial court should not accept a guilty plea without first addressing the defendant personally[.]" *State v. Tolle*, 2022-

Ohio-2839, ¶ 8 (4th Dist.), citing *State v. Moore*, 2006-Ohio-114, ¶ 22 (4th Dist.), citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981).

### a. Non-Constitutional Rights

{¶11} For purposes of a plea bargain, Crim.R. 11(C)(2)(a) and 11(C)(2)(b) require a court to inform a defendant of their non-constitutional rights and ensure they are understood. *State v. Jordan*, 2015-Ohio-4354, ¶ 5. Crim.R. 11(C)(2)(a) requires a trial court to ensure a defendant is "understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(b) requires a trial court to ensure that a defendant "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."

{¶12} "Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights." *State v. Collins*, 2019-Ohio-3428, ¶ 7 (4th Dist.), citing *Veney*, 2008-Ohio-5200, at ¶ 14. " 'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.' " *State v. McDaniel*, 2010-Ohio-5215, ¶ 13 (4th Dist.), quoting *State v. Vinson*, 2009-Ohio-3240, ¶ 6 (10th Dist.).

**{¶13}** "A defendant who seeks to invalidate a plea on the basis that the trial court partially, but not fully, informed the defendant of his or her non-constitutional rights must demonstrate a prejudicial effect." *Tolle*, 2022-Ohio-2839, at ¶ 16 (4th Dist.), citing *Veney*, at ¶ 17; *State v. Clark*, 2008-Ohio-3748, ¶ 39. "To demonstrate that a defendant suffered prejudice due to the failure to fully inform the defendant of his or her non-constitutional rights, the defendant must establish that, but for the trial court's failure, a guilty plea would not have been entered." *Id.*, citing *Clark* at ¶ 32, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "However, when a trial court completely fails to inform a defendant of his or her non-constitutional rights, the plea must be vacated, and no analysis of prejudice is required." *Id.*, citing *Clark* at ¶ 32, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

### b. Constitutional Rights

**{¶14}** Crim.R. 11(C)(2)(c) sets out a defendant's constitutional rights. *State v. Miller*, 2020-Ohio-1420, ¶ 13. Pursuant to Crim.R. 11(C)(2)(c), a court

> must both inform and determine that the defendant understands that [by pleading no contest or guilty] he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

*Collins* at ¶ 6. Under the Sixth Amendment to the United States Constitution, a defendant has the right to confront witnesses against him in all criminal prosecutions, and a guilty plea constitutes a waiver of that constitutional right. *State v. Elliott,* 2021-Ohio-424, ¶ 5 (1st Dist.), citing *State v. Ballard*, 66 Ohio

St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus, citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969).

**{¶15}** Unlike a defendant's non-constitutional rights, "strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved." *Collins* at ¶ 7. "If the trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, it is presumed that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *State v. Pierce*, 2024-Ohio-82, ¶ 11 (4th Dist.), citing *State v. Dangler* 2020-Ohio-2765, ¶ 14. Otherwise, "the defendant is not entitled to have the plea vacated without demonstrating prejudice." *Id.* at ¶ 13.

## B. Analysis

**{¶16}** Doucoure appeared with counsel for a change of plea on July 17, 2023. The State explained the circumstances of the offense to the trial court and the parties jointly recommended that Doucoure's plea be held in abeyance to allow him to participate in the diversion program. The trial court then personally addressed Doucoure. As to his constitutional rights, the following colloquy took place:

> Court: Okay. And do you understand on the charge that you have a right to a jury trial?
>
> Doucoure: Yes your honor.
>
> Court: And do you understand that at that jury trial the State of Ohio has the burden of proving every element of the offense beyond a reasonable doubt?
>
> Doucoure: Yes your honor.

Court: And do you understand at trial that you continue to have the right to a lawyer and that uh, Mr. Larson, here would be your lawyer?

Doucoure: Yes your honor.

Court: And do you understand that at trial if you have witnesses in your own defense, the Court would make sure those witnesses appeared and testified?

Doucoure: Yes your honor.

Court: And do you understand that you would not be forced to testify against yourself?

Doucoure: Yes your honor.

Court: And do you understand that your choice not to testify could not be used against you by the State?

Doucoure: Yes your honor.

Court: Alright. Keeping all those rights in mind then, is it your wish to waive those rights and enter a plea of guilty today?

Doucoure: Yes your honor.

Court: Okay. Let the record reflect that Mr. Doucoure has made a knowing, intelligent and voluntary decision to withdraw his plea of not guilty. Enter a plea of guilty to one count of obstructing official business. In violation of Revised Code 2921.31(A), a felony of the fifth degree. The Court finds that the Defendant has been informed of his constitutional rights and that he understands the nature of the charge, as well as the possible penalties and the Court therefore will take the tendered plea of guilty and will have the plea set aside to be held in abeyance pending further notification from the State as to the outcome of diversion.

The trial court also explained that if Doucoure did not successfully complete the diversion program, he would be found guilty and sentenced. The trial court clearly did not inform Doucoure that he was waiving his right to confront the witnesses against him, as set forth in Crim.R. 11(C)(2)(c).

{¶17} "To strictly comply with Crim.R. 11(C)(2)(c), the court must advise the defendant of each of the enumerated constitutional rights that the defendant is giving up by pleading guilty or no-contest." *State v. Phillips,* 2025-Ohio-1235, ¶ 14 (10th Dist.), citing *State v. Miller,* 2020-Ohio-1420, ¶ 17. " 'A guilty plea is *constitutionally infirm* when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." (Emphasis in original) *Id.* at ¶ 15, quoting *State v. Ballard,* 66 Ohio St.2d 473, 478 (1981). A trial court's failure to advise a defendant of even one of the constitutional rights listed in Crim.R. 11(C)(2)(c) renders the plea invalid. *State v. Ellis*, 2015-Ohio-3438, ¶ 5 (10th Dist.), citing *State v. Veney,* 2008-Ohio-5200, ¶ 29-30. Ohio courts have consistently held that a guilty plea is constitutionally infirm if the trial court fails to inform the defendant of his right to confront his accusers. *See, e.g., State v. Brinkman,* 2021-Ohio-2473, ¶ 17-19 (where Supreme Court of Ohio rendered a plea invalid because trial court failed to notify defendant of his right to confront the witnesses against him and to have the state prove his guilt beyond a reasonable doubt); *State v. Blair,* 2019-Ohio-4308, ¶ 5-6 (3d Dist.) (where guilty plea held invalid when trial court failed to notify defendant of his right to confront his accusers); *State v. Johnson,* 2016-Ohio-7945, ¶ 8 (10th Dist.) (plea held invalid where trial court failed to notify defendant of Confrontation Clause right); *State v. Cline,* 2014-Ohio-241, ¶ 12-13 (4th Dist.) (where guilty plea vacated when trial court did not inform defendant of his right to confront his accusers,

compulsory process to obtain witnesses, and his privilege against self-incrimination).

{¶18}  The State argues that Doucoure has not shown prejudice.  " "When a criminal defendant seeks to have [a] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that he [or she] was prejudiced by that error.' " *State v. Raines,* 2024-Ohio-3236, ¶ 42 (4th Dist.), quoting *State v. Dangler*, 2020-Ohio-2765, ¶ 13. However, "[w]hen a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, 'we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required.' " *Id.*, citing *Dangler* at ¶ 14.  Thus, " 'a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice.' " (Emphasis sic.) *Id.*, quoting *Dangler* at ¶ 15.

{¶19}  We reject the State's position that Doucoure was required to raise on appeal an ineffective assistance of counsel claim to challenge the voluntariness of the plea.  In another context, the Supreme Court of Ohio observed, "[a] court's duty to ensure that pleas are entered knowingly and voluntarily arises from the constitutional guarantee of due process.  *State v. Romero,* 2019-Ohio-1839, ¶ 18 citing *McCarthy v. United States*, 394 U.S. 459, 466, (1969); *United States v. Akinsade*, 686 F.3d 248, 255 (4th Cir.2012). "By contrast, counsel's duty to provide competent advice during plea proceedings arises from a separate constitutional guarantee—the Sixth Amendment right to

counsel." *Id.* citing *Missouri v. Frye*, 566 U.S. 134, 141 (2012).  Thus, we do not find that an appellate challenge of the voluntariness of a plea hinges upon whether each of the two separate constitutional guarantees are raised by an appellant.

**{¶20}**  Further, whether Doucoure filed a motion to withdraw the plea in the trial court does not influence our decision in this case.

**{¶21}**  The questions are simply:  " '(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice?' " *Raines* at ¶ 43, quoting *Dangler* at ¶ 17.  Here, the trial court did not comply with Crim.R. 11(C)(2)(c), by failing to notify Doucoure he was waiving his right to confront his accusers.  This is a constitutional right which does not require Doucoure to show prejudice.  Therefore, we sustain Doucoure's sole assignment of error, reverse the trial court, and remand this case for further proceedings consistent with this opinion.


                                        **JUDGMENT REVERSED AND CAUSE REMANDED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS REVERSED and the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.: Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**