[Cite as *State v. Collins*, 2019-Ohio-3428.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        Case No. 18CA11

    vs.                                 :

                                        :        DECISION AND
SHAWN COLLINS,                          :        JUDGMENT ENTRY

    Defendant-Appellant.                :
_____

APPEARANCES:

Alex Kochanowski, Cincinnati, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} This is an appeal from Appellant, Shawn Collins, for his conviction of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2). On appeal, Appellant contends that 1) the trial court erred in finding his plea was knowingly, voluntarily and intelligently entered when the trial court failed to properly follow the requirements of Crim.R. 11(C)(2); and 2) trial counsel provided ineffective assistance during Appellant's plea proceedings where his ability to competently enter a plea was in question, in violation of his Sixth and Fourteenth Amendment rights under both the Ohio and United States Constitutions. Because we conclude

Appellant has failed to demonstrate his plea was not knowing, voluntary and intelligent, we find no merit to his first assignment of error and it is overruled. In light of our disposition of Appellant's first assignment of error, we find Appellant's second assignment of error also lacks merit. Having found no merit in either of the assignments of error raised by Appellant, the judgment of the trial court is affirmed.

{¶2} However, because we have sua sponte noticed a clerical error in the sentencing judgment entry we have issued instructions, pursuant to App.R. 9(E) directing the trial court to issue a nunc pro tunc judgment entry that includes the fine that was imposed upon Appellant on the record during the sentencing hearing.

FACTS

{¶3} Appellant was indicted on one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2), on February 28, 2018. An allegation that Appellant broke into the residence of Harvey McGowan in Chesapeake, Ohio, and stole numerous items including a firearm and jewelry, formed the basis of the charge. Appellant entered a guilty plea pursuant to a negotiated plea agreement on April 4, 2018. As part of the plea agreement, Appellant was sentenced to a seven-year prison term, a mandatory three-year period of post-release control, $1000.00

in restitution, and costs of prosecution.[1]  Appellant has now filed his timely appeal,

arguing that his competency should have been questioned by both the trial court

and trial counsel.  His appeal raises two assignments of error primarily challenging

the voluntariness of his plea and effectiveness of his counsel, as follows.

ASSIGNMENTS OF ERROR

I.      "THE TRIAL COURT ERRED IN FINDING APPELLANT'S PLEA WAS
        KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTERED
        WHEN THE TRIAL COURT FAILED TO PROPERLY FOLLOW THE
        REQUIREMENTS OF RULE 11(C)(2)."

II.     "COUNSEL PROVIDED INEFFECTIVE ASSISTANCE DURING
        APPELLANT'S PLEA PROCEEDINGS WHERE APPELLANT'S
        ABILITY TO COMPETENTLY ENTER A PLEA WAS IN QUESTION,
        IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH
        AMENDMENT RIGHTS UNDER BOTH THE OHIO AND UNITED
        STATES CONSTITUTIONS."

ASSIGNMENT OF ERROR I

{¶4} In his first assignment of error, Appellant contends that the trial court

erred in finding his plea was knowingly, voluntarily, and intelligently entered when

the trial court failed to properly follow the requirements of Crim.R. 11(C)(2).  He

argues the trial court failed to comply with Crim.R. 11(C)(2)(a), and claims that

the trial court failed to ensure Appellant was actually capable of understanding the

proceedings in general.  The State responds by arguing that although Appellant

---

[1] Although the trial court orally imposed a fine of $10,000.00 on the record during the combined plea and sentencing hearing, the sentencing entry omits any reference to the fine.

made several "flippant, borderline disrespectful comments" to the trial court during his hearing, there is no evidence that he genuinely failed to appreciate what he was doing. The State further argues that the mandates of Criminal Rules 11 and 32 were scrupulously followed by the trial court.

{¶5} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards. *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

{¶6} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case, a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community

control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must both inform and determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶7} Substantial compliance with Crim.R. 11(C)(2)(a) and (b) is sufficient for a valid plea because they do not involve constitutional rights. *Veney* at ¶ 14. " 'Substantial compliance means that, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he waived.' " *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010–Ohio–5215, ¶ 13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP–903, 2009–Ohio–3240, ¶ 6. But strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. " 'However, failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so

that he can make a voluntary and intelligent decision whether to plead guilty.' "

*Veney* at ¶ 18, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d

115 (1981). A guilty plea that is not entered into knowingly, intelligently, and

voluntarily is void. *State v. Moore*, 165 Ohio App.3d 538, 2006–Ohio–114, 847

N.E.2d 452, ¶ 22 (4th Dist.), citing *McCarthy v. United States*, 394 U.S. 459, 466,

89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

{¶8} We construe Appellant's argument as an assertion that he was not

competent to enter a guilty plea. As this Court explained in *State v. Pigge*, 4th

Dist. Ross No. 09CA3136, 2010-Ohio-6541, ¶ 28:

> Without question, the conviction of a defendant who is not competent
>
> to enter a plea violates due process of law. See *State v. Skatzes*, 104
>
> Ohio St.3d 195, 2004–Ohio–6391, 819 N.E.2d 215, at ¶ 155, citing
>
> *Drope v. Missouri* (1975), 420 U.S. 162, 171, 95 S.Ct. 896, 43
>
> L.Ed.2d 103, and *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650
>
> N.E.2d 433. However, in the absence of evidence to the contrary, a
>
> criminal defendant is rebuttably presumed competent to enter a guilty
>
> plea. See R.C. 2945.37(G); *State v. Were*, 118 Ohio St.3d 448, 2008–
>
> Ohio–2762, 890 N.E.2d 263, at ¶ 45. * * * Rather, a court will
>
> presume that the defendant is competent unless the defendant shows
>
> that the defendant is unable to understand the proceedings or to assist

in the defense. *Were* at ¶ 45. "The test for determining whether a defendant is competent to stand trial [or to plead guilty] is ' " whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.' " *Id.*, quoting *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433, quoting *Dusky v. United States* (1960), 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824; see, also, *Godinez v. Moran* (1993), 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321. A trial court possesses no need to sua sponte inquire into a defendant's competency unless the record contains " 'sufficient indicia of incompetence,' such that an inquiry * * * is necessary to ensure the defendant's right to a fair trial." *Berry*, 72 Ohio St.3d at 359, quoting *Drope*, 420 U.S. at 175; see, also, *State v. Ahmed*, 103 Ohio St.3d 27, 2004–Ohio–4190, 813 N.E.2d 637, at ¶ 65.

The record before us indicates that Appellant's case proceeded through the litigation process, from indictment and arraignment to a change of plea and sentencing, without Appellant's competency being questioned at any point. However, Appellant's competency is now being questioned on appeal and

essentially serves as the basis for Appellant's contention that his guilty plea was involuntary, unknowing and unintelligent.

{¶9} Here, Appellant does not argue that the trial court failed to give all of the proper advisements in accordance with Crim.R. 11(C)(2)(b) and (c). Instead, Appellant contends the trial court failed to comply with Crim.R. 11(C)(2)(a) based upon an argument that the trial court failed to ensure he was actually capable of understanding the proceedings in general. As set forth above, the trial court must substantially comply with Crim.R. 11(C)(2)(a) when accepting pleas. Appellant points to the manner in which he responded to the trial court's questions as evidence that he was not competent. More specifically, Appellant references his responses of "Yewow," "Yeep," "10-4," and "I'm sorry, I apologize," rather than stating "Yes" in response to the court's questions, as evidence that his plea was not entered into knowingly, intelligently, and voluntarily. Appellant argues that his failure to actually answer numerous questions concerning his plea resulted in a "failure to comply with the precepts mandated under Criminal Rule 11(C)[,]" presumably on the part of the trial court. Appellant concedes that the trial court admonished him during the plea colloquy by telling him that the "noises and rambling he was responding with * * * were not going to 'cut it[,]' " but he argues the trial court thereafter still failed to "actually obtain intelligible and coherent responses to the Court's questions * * *."

{¶10} We begin with a review of the plea hearing transcript. The following exchanges from the various parts of the transcript serve as the basis for Appellant's argument:

COURT: * * * Alright Mr. Collins are you a citizen of the United States?

COLLINS: Yewow.

COURT: And are you presently under the influence of any drugs, alcohol or other mind altering substance?

COLLINS: No sir.

* * *

COURT: [in an effort to confirm Appellant's signature was listed on the Proceeding on Plea of Guilty form] * * * there's a signature right here that purports to be yours, is that your signature?

COLLINS: Yeep.

COURT: Okay. Did you go over this form with Mr. Smith or his assistant?

COLLINS: Uh yes sir.

COURT: Alright, do you understand all the questions on it?

COLLINS: Yep.

COURT: And were the answers that you provided true and correct?

COLLINS: Yes sir.

* * *

COURT: [after several instances of Appellant responding "Yep" to questions by the court] Alright. Just for the record sake yep's mean yes, is that correct?

COLLINS: Ten four.

COURT: Is that a yes?

COLLINS: I'm sorry.

COURT: I need a yes or a no man.

COLLINS: I'm sorry.

COURT: The yeps, the yeps and ten fours aren't going to cut it. We need a clear record.

COLLINS: I'm sorry. I apologize your Honor."

{¶11} Our review of the record, in its entirety, reveals that Appellant answered the trial court consistently by stating "Yes sir" or "No sir" a large majority of the time. It is only these few instances where Appellant stated either "Yewow" or "Yeep" or "Ten four" that he was not entirely clear. Once he was admonished by the trial court, Appellant cleared up his speech and properly answered the trial court in a yes or no fashion throughout the remainder of the hearing. Further, with respect to Appellant's response of "Ten-four," it is

commonly understood that this term is one of affirmation or understanding of the message being conveyed.[2]  Thus, our review of this portion of the transcript fails to demonstrate, based upon the totality of the circumstances, that the trial court fell short of substantially complying with its duty under Crim.R. 11(C)(2)(a) to ensure Appellant subjectively understood the implications of his plea and the rights he was waiving.

{¶12} Appellant also points to another section of the transcript, towards the end of the hearing, where he interjected into the proceedings as follows:

COURT:  Alright, Mr. Smith.

SMITH:  Your, Honor, that is a complete and accurate representation of the plea negotiations had between myself and Mr. Anderson.  I would ask the Court to adopt the recommended and agreed sentence.

COLLINS:  Eleven, eleven make a wish.

COURT:  Alright, Mr. Collins do you have anything you'd like to say before sentence is imposed?

COLLINS:  Um eleven, eleven let make a wish.

COURT:  What's that?

---

[2] The Association of Public-Safety Communications Officials-International (APCO) developed "Ten Signals" in 1937 "to reduce the use of speech on the radio at a time when police radio channels were limited." https://en.wikipedia.org/wiki/Ten-code.  The official meaning of the phrase "10-4" has varied over the years, beginning in 1937 to present.  Over the years, the meanings attributed to this phrase are as follows: "Acknowledgment," "Message received," "Affirmative (Ok)," "Roger," and "Roger/Affirmative."  The current understood meaning of 10-4 is "Roger."  Further, the term "Roger" is understood to mean "Message received and understood."

COLLINS:  Eleven, eleven make a wish.

COURT:  Eleven, eleven make a wish.

COLLINS:  Never mind seven to twelve now that's it, that's all I got

to say.  I'm sorry.  I do apologize.  Alright.

Appellant contends that his "rambling and incoherence was clear evidence that he

was not, at the time, capable of entering a knowing, intelligent, and voluntary

plea."  He further argues that his behavior at the plea hearing indicated he

"potentially possessed personal circumstances in mitigation of his crime of

conviction and, ultimately, should have been considered in mitigation of the

Court's sentencing determination."

{¶12} First, with regard to Appellant's argument that his behavior during

sentencing should have mitigated in his favor with regard to sentencing, the record

reveals and the State points out that Appellant entered his guilty plea as part of a

negotiated plea agreement that kept him from receiving a maximum sentence and

provided the State would not oppose judicial release after five years.  Thus, his

argument that there should have been mitigation in reference to sentencing is not

well-taken.  Next, we cannot definitively speak to the comments made by

Appellant in this portion of the transcript.  It does not appear Appellant was

initially responding to any question asked of him, but rather he simply interjected

"Eleven, eleven make a wish."  Although this Court generally refrains from

speculation, one must wonder whether Appellant was possibly watching the clock and commenting on the fact that the time was 11:11, which prompts a wish to be made in some contexts.[3] One further wonders if possibly the court transcriptionist incorrectly transcribed "Never mind *eleven* twelve now" as "Never mind *seven* to twelve now," which would indicate the time to make a wish had passed. The State characterizes Appellant's comments during the hearing as "flippant" and "borderline disrespectful." We believe this is an accurate characterization, based upon our review of the record, and we see nothing in the record that indicates incompetency on Appellant's part or lack of substantial compliance on the trial court's part.

{¶13} However, prior to concluding our analysis, we note that Appellant appears to raise an additional argument under this assignment of error. At the end of the argument portion of Appellant's first assignment of error, he states as follows:

> "Appellant contends that the trial court's error was more than a slight
>
> deviation from the requirements of the text of Crim.R. 11(C), the
>
> Court failed to substantially comply with Crim.R. 11(C) when the
>
> court incorrectly advised Appellant of the law in regards to whether

---

[3] 11:11 is "[t]he time of day when one should make a wish while looking at the clock."
https://www.urbandictionary.com/define/php?term=11%3A11

post-release control was mandatory or discretionary under the specific

circumstances of Appellant's case."

Aside from this single sentence, there is no additional argument as to exactly how the trial court erred (i.e. what the trial court should have advised Appellant of regarding post-release control versus what it actually advised him of). Further, R.C. 2967.28 provides that the period of post-release control for an offender convicted of a second-degree felony that is not a felony sex offense shall be three years. The record here indicates Appellant was correctly advised he would be subject to a three-year term of post-release control during the plea portion of the hearing. The trial court additionally imposed a three-year term of post-release control orally and upon the record during the sentencing portion of the hearing, and also properly included the correct term of post-release control in the sentencing judgment entry. Thus, we find no merit to this portion of Appellant's argument.

{¶14} Based upon the totality of the circumstances, we conclude the trial court substantially complied with the Crim.R. 11(C)(2)(a) requirements during the initial plea colloquy. We further conclude there is nothing in the record that raises "a sufficient indicia of incompetency to suggest that [A]ppellant was not competent to enter a guilty plea." *State v. Pigge*, *supra*, ¶ 30 (involving a guilty plea entered by a "mentally retarded individual"). In light of the foregoing, we

conclude Appellant's plea was entered knowingly, intelligently, and voluntarily.

Accordingly, we overrule Appellant's first assignment of error.

ASSIGNMENT OF ERROR II

{¶15} In his second assignment of error, Appellant contends his trial counsel provided ineffective assistance in that his competency was in question, or should have been questioned, during the plea proceedings. More specifically, Appellant argues that he was not fully aware of the nature of the proceedings and required a competency evaluation, as he was not, at the time, capable of entering a plea. He further argues that his trial counsel failed to present any mitigating evidence that he may have also been suffering from "undetermined issues which influenced his actions and should have resulted in a lesser sentence." The State's position is that Appellant was simply responding to the trial court in a flippant manner, as discussed above.

{¶16} We construe Appellant's argument as a claim that he would not have entered a guilty plea but for the ineffective assistance provided by trial counsel. Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn.14; *State v. Stout*, 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was

deficient, and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). In addition, in *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), the Ohio Supreme Court stated as follows:

> The *Strickland* test was applied to guilty pleas in *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hill*, 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; see *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693."

{¶17} "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters*, 4th Dist. Washington Nos. 13CA33 & 13CA36, 2014-Ohio-4966, ¶ 23, quoting *Strickland* at 689. "Thus, 'the defendant must overcome the presumption

that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Id*., quoting *Strickland* at 689. " 'A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.' " *Id*., quoting *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id*.

{¶18} Appellant's argument under this assignment of error is premised upon the idea that his competency should have been called into question and his behavior at his change of plea/sentencing hearing should have been taken into consideration as a mitigating factor in terms of sentencing. However, we have already determined under his first assignment of error that there was nothing in the record that raised a sufficient indicia of incompetency to suggest Appellant was not competent to enter a guilty plea. Thus, to the extent Appellant's argument is based upon an allegation of incompetency, or an argument that but for counsel's failure to raise the issue of competency he would not have pled guilty, we find it is without merit.

{¶19} Next, with respect to Appellant's argument that "counsel failed to present any evidence in mitigation of Appellant's sentence," we again note, as does the State, that this was a negotiated plea agreement whereby Appellant would be

sentenced to less than the maximum with the State's agreement not to oppose judicial release after five years. Thus, it appears Appellant's trial counsel had advocated on his behalf with a resulting plea agreement. Moreover, "[t]he decision to forgo the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel." *State v. Keith*, 79 Ohio St.3d 514, 536, 684 N.E.2d 47 (1997), citing *State v. Johnson*, 24 Ohio St.3d 87, 91, 494 N.E.2d 1061 (1986). " 'Attorneys need not pursue every conceivable avenue; they are entitled to be selective.' " *State v. Murphy*, 91 Ohio St.3d 516, 542, 747 N.E.2d 765 (2001), quoting *United States v. Davenport* (C.A.7, 1993), 986 F.2d 1047, 1049; *State v. Davis*, 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 31. Furthermore, "[t]he presentation of mitigating evidence is a matter of trial strategy." *Keith* at 530. Based upon the foregoing, we cannot conclude Appellant has demonstrated his trial counsel's performance was deficient. Thus, we find no merit in his second assignment of error.

{¶20} However, our analysis does not end here. In reviewing the record, we sua sponte take notice of the fact that although the trial court imposed a $10,000.00 fine upon Appellant on the record during the combined plea and sentencing hearing, there is no reference to the fine in the sentencing entry. "It is axiomatic that a court speaks only through its journal entries." *State v. Payton*, 4th Dist. Scioto No. 14CA3628, 2015–Ohio–1796, ¶ 7, quoting *State ex rel. Collier v.*

*Farley*, 4th Dist. Lawrence No. 05CA4, 2005–Ohio–4204, ¶ 18. "The oral announcement of a judgment or decree binds no one." *State v. Grube*, 4th Dist. Gallia No. 10CA16, 2012–Ohio–2180, ¶ 7, quoting *In re Adoptions of Gibson*, 23 Ohio St.3d 170, 492 N.E.2d 146 (1986), at fn. 3.

{¶21} Because the fine was clearly imposed on the record and in Appellant's presence, it appears this was simply a clerical error. Clerical errors can be corrected by a nunc pro tunc entry. *See State v. Bradford*, 2017-Ohio-3003, 91 N.E.3d 10, ¶ 23 (4th Dist.), citing *State v. Lattimore*, 1st Dist. Hamilton No. C-010488, 2002 WL 252451, *1-2 (2002) ("the trial court's internally inconsistent sentencing entry is a correctable clerical error."); see also *State v. Daley*, 3rd Dist. Seneca N. 13-13-26, 2014-Ohio-2128, ¶ 1 (remanded case for correction of clerical errors included in the sentencing judgment entry). Thus, we need not vacate nor remand the trial court's judgment, but rather pursuant to App.R. 9(E), we instruct the trial court to issue a nunc pro tunc sentencing entry that includes the $10,000.00 fine, so as to accurately reflect the sentence imposed on the record during the sentencing hearing. *State v. Scoggins*, 4th Dist. Scioto No. 16CA3767, 2017-Ohio-8989, ¶ 109. We find this is necessary and in the interests of justice because, as set forth above, the trial court speaks only through its journal entry and thus, the fine cannot be enforced if it is not properly included in the sentencing judgment entry.

{¶22} Accordingly, having found no merit in the assignments of error raised by Appellant, but having sua sponte noticed a clerical error, the judgment of the trial court is affirmed with instructions to correct the clerical error regarding the fine that was imposed during the sentencing hearing but omitted from the sentencing entry.

**JUDGMENT AFFIRMED WITH INSTRUCTIONS.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED WITH INSTRUCTIONS and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Jason P. Smith, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**