[Cite as *State v. MacIntyre*, 2020-Ohio-2680.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 19CA09 |
| vs. | : | |
| JUSTINE M. MACINTYRE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

Alex F. Kochanowski, Cincinnati, Ohio, for appellant.[1]

Nicole Coil, Washington County Prosecuting Attorney, and David K.H. Silwani, Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-17-20
ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Justine MacIntyre, defendant below and appellant herein, pleaded guilty to (1) failure to comply with an order or signal of a police officer, and (2) operating a vehicle under the influence of alcohol or drugs. Appellant assigns one error for review:

> "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT UNDER BOTH THE UNITED STATES CONSTITUTIONS [SIC.] AND OHIO CONSTITUTIONS [SIC.] RESULTING IN AN UNKNOWING AND INVOLUNTARY PLEA."

---

[1] Different counsel represented appellant during the trial court proceedings.

{¶ 2} On November 16, 2018, a Washington County Grand Jury returned an indictment that charged appellant with (1) one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony; (2) one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; and (3) one count of operating a vehicle under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. On December 7, 2018, appellant appeared in court with counsel, pleaded not guilty, and was released on her own recognizance.

{¶ 3} On March 22, 2019, appellant pleaded guilty to count one (failure to comply) and count three (OVI), and the state dismissed count two (tampering with evidence). During the plea hearing, the state indicated that although the parties had no agreed proposed sentence recommendation, the state requested that appellant serve one year in prison for count one. Appellant's counsel responded, "we're certainly going to request the Court not sentence Mrs. MacIntyre to a year in prison, and - - well, I know she's been sober now for over four months, but less than a year. She's gone through some rehab programs. We hope that that continues. And I hope to provide the Court with documentation concerning all that, and encourage the Court to assist her in maintaining her sobriety."

{¶ 4} After a pre-sentence investigation, on May 14, 2019 the trial court held a sentencing hearing. Appellee indicated that, although appellant does not have a serious criminal record, at the time of her offense she was high on methamphetamine, driving at an average speed of 105-110 miles per hour on Interstate 77, and attempted to pass three tractor trailers in the grassy median and struck one. When detained, appellant was also combative, resisted arrest, informed officers "she had swallowed meth rocks and powder during the pursuit," was "pulling away, struggling, becoming

verbally abusive, and stating that she would not be put in a cell." Appellee stated that appellant showed no remorse for her reckless behavior where "the potential for death and serious injury was * * * great." Thus, appellee again requested the court to sentence appellant to serve one year in prison.

{¶ 5} Appellant's counsel again explained appellant's struggles with addiction and stated that appellant had sought treatment, was in recovery, had reconnected with her children and was trying to become a responsible parent. In addition to seeking a light sentence, counsel also requested that appellant report for incarceration at a later date so that she could "explain to her kids what's going on, where she has to go," and to make other arrangements. When permitted to make a statement, appellant stated:

> You know, like, I can't, you know, sit here and say, you know, like, I'm sorry for what I did for speeding. I'm - I'm not sorry for that. I'm really not. But for endangering my lives, endangering other people's lives, and endangering, like, the State of Ohio and the State of West Virginia, I - I am remorseful of that.

{¶ 6} The trial court observed that appellant's "speed and her recklessness could have killed several people on the Interstate that day." The court further observed that "until her statement today, she showed no genuine remorse." The court noted that appellant had "no real prior juvenile record, and her adult record's minimal, even though apparently, she's got pending cases right now [in other jurisdictions.]" The court also determined that appellant's ORAS score indicated a moderate risk for reoffending.

{¶ 7} After hearing counsels' arguments, appellant's statement, a review of the facts and the pre-sentence investigation, and consideration of the pertinent statutory provisions, the trial court sentenced appellant (1) on count three (OVI) to serve eight days of imprisonment, with credit for

eight days time served, and (2) on count one (failure to comply) to serve twelve months in prison. The court further ordered that the sentences be served concurrently and added that it would consider a motion for judicial release after six months. When asked if appellant understood the opportunity for judicial release, the following exchange occurred:

DEFENDANT:    I - - I go to where, sir?  I'm sorry.

COURT:            What's that?

DEFENDANT:    I go to where?  To - - ?

COURT:            Marysville prison system.

{¶ 8} At the conclusion of the hearing, the trial court asked appellant's counsel if he had anything to add, to which counsel replied: "Your Honor, I understand that you've sentenced Justine to serve a prison term of 12 months. We certainly weren't expecting that today. She does have some issues she needs to clarify, and we would ask for a report date to the Washington County Jail." The court replied: "No, the Court doesn't do that. So she's taken into custody at this point. She'll be transported to the institution, as soon as we get the paperwork done." This appeal followed.

{¶ 9} In her sole assignment of error, appellant asserts that she received ineffective assistance of counsel in violation of the United States and Ohio Constitutions and resulted in her unknowing and involuntary guilty plea. In particular, appellant argues that her trial counsel failed to properly investigate the circumstances of appellant's case and failed to properly advise appellant of the consequences of entering a plea and the potential sentence that she might receive.

{¶ 10} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this

provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Id*. at 687. To show deficient performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. Moreover, courts need not analyze both prongs of the Strickland test if a claim can be resolved under only one prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 17; *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 58.

{¶ 11} When determining whether counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Because a properly licensed attorney is presumed to execute his duties in an ethical and competent manner, *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland* at 687.

{¶ 12} As noted above, appellant contends that she received ineffective assistance when trial counsel failed to properly investigate the circumstances of her case and failed to properly advise her of the consequences of entering a plea, as well as the potential sentence that she might receive. Generally, an attorney's failure to reasonably investigate a defendant's background and present

mitigating evidence at sentencing can constitute ineffective assistance of counsel. *State v. Jackson,* 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 38, citing *Wiggins v. Smith*, 539 U.S. 510, 521–522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). "Defense counsel has a duty to investigate the circumstances of his client's case and explore all matters relevant to the merits of the case and the penalty, including the defendant's background, education, employment record, mental and emotional stability, and family relationships." *Goodwin v. Johnson*, 632 F.3d 301, 318 (6th Cir.2011). However, a defendant has the burden to demonstrate that counsel rendered ineffective assistance by failing to conduct an adequate investigation. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, at ¶ 104, citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, the Supreme Court of Ohio has indicated that we "cannot infer a defense failure to investigate from a silent record." *Hunter, supra,* at ¶ 65, citing *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 244.

{¶ 13} In the case sub judice, we do not believe that appellant has demonstrated that trial counsel failed to conduct an adequate investigation into her case. Appellant's main contention revolves around her assertion that she did not understand that she could receive a twelve-month prison sentence when she pleaded guilty to the failure to comply with a police officer's order or signal. However, we believe that the record contradicts this assertion. As indicated above, on December 7, 2018 the trial court informed appellant that the failure to comply charge "carries a prison term of 9, 12, 18, 24, 30, or 36 months" as well as a fine of $10,000, the tampering charge carried "a prison term of 9, 12, 18, 24, 30, or 36 months," and a fine of $10,000, and the OVI charge carried a jail term of up to 180 days, with 3 days mandatory, among other conditions. When asked on December 7, 2018 whether appellant understood the nature of the charges, the elements and the

penalty provisions, she replied "Yes."

{¶ 14} At the March 22, 2019 change of plea hearing, the trial court asked appellant if her attorney answered any questions or concerns that she had, to which she answered "Yes." The court also inquired whether appellant was satisfied with the services and advice of her attorney, to which she replied "Yes." Most relevant to this inquiry, the trial court asked appellant, "[a]nd you understand you could receive the maximum prison term of 36 months * * * ?" Appellant responded, "Yes, Your Honor." When asked to set forth the plea agreement on the record, appellee noted "no agreed disposition; however, the State has indicated that it would be recommending a year in prison for the [failure to comply] offense." When asked if this met with trial counsel's understanding, counsel stated "Yes, Your Honor." Counsel, however, did request that the court not sentence appellant to a year in prison and highlighted her recent sobriety. Our review reveals that the trial court clearly and fully informed appellant of the possible sentence at both her arraignment and her change of plea hearing.

{¶ 15} Appellant asserts that her plea was unknowing and involuntary because she apparently believed that she would not receive a twelve-month prison sentence. A guilty plea must be made knowingly, voluntarily, and intelligently. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The enforcement of a plea that does not satisfy all three of these criteria is unconstitutional under both the United States and Ohio Constitutions. *Id.* Appellant contends that her question to the court about where she would serve her sentence indicates that she was "operating under the misinformed belief that she would not be sent to prison. Rather, Appellant believed (mistakenly) that she would maintain her freedom while being ordered to continue drug rehabilitation." Further, appellant cites

counsel's statement regarding appellant's request for additional time before she would be taken into custody as evidence that trial counsel was "also confused about the court's sentencing determination, believing that Appellant would not receive a prison sentence." Appellant further contends that trial counsel "insisted that Appellant would not receive incarceration."

{¶ 16} While appellant's statements may indicate that appellant wished that her sentence would be different, once again our review of the record reveals that the trial court informed appellant about the possible prison term. Moreover, as the appellee points out, appellant's guilty plea occurred on March 23, 2019 and her sentencing occurred on May 14, 2019, thus appellant had almost two months to prepare and to arrange her affairs.

{¶ 17} Therefore, our review of the record indicates that (1) the trial court fully informed appellant of the maximum penalties for the crimes, and (2) appellant was well aware that she could receive the prison sentence that she did actually receive. Moreover, trial counsel's conduct did not fall below the appropriate standard of care, and the trial court properly concluded that appellant's plea was knowing, voluntarily, and intelligent.

{¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.