[Cite as *State v. Miller*, 2025-Ohio-5113.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                     :
                                   :      Case No. 24CA19
    Plaintiff-Appellee,        :
                                   :
v.                                 :      <u>DECISION AND JUDGMENT</u>
                                   :      <u>ENTRY</u>
STEVEN E. MILLER,                  :
                                   :
    Defendant-Appellant.       :      **RELEASED: 11/05/2025**

_____

<u>APPEARANCES:</u>

Karyn Justice, Portsmouth, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Steven K. Nord, Assistant Lawrence County Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

Wilkin, J.

{¶1} This is an appeal from a Lawrence County Court of Common Pleas judgment entry of conviction in which appellant, Steven E. Miller, admitted to violating his community control sanction conditions and was sentenced to 30 months in prison.

{¶2} In his sole assignment of error, Miller challenges the adequacy of his trial counsel's representation at the community control sanction revocation hearing and maintains that his trial counsel was ineffective for failing to present any mitigating evidence. We overrule this argument because Miller fails to demonstrate he was prejudiced by his counsel's representation. We, thus, affirm the trial court's decision revoking Miller's community control sanction and discretion to impose the shelved 30-month prison term sentence.

FACTS AND PROCEDURAL BACKGROUND

{¶3} In December 2019, Miller pleaded guilty to count one: possession of drug paraphernalia, a fourth-degree misdemeanor, and count two: possession of drugs (methamphetamine), a third-degree felony.  As part of the plea agreement, there was a jointly-recommended sentence of a suspended 30 days in jail for count one, and a 4-year community control sanction for count two.  The jointly-recommended sentence also included that if Miller violated the conditions of his community control sanction, he will be sentenced to 30 months in prison.

{¶4} Following Miller's guilty pleas, the trial court proceeded to sentencing.  The trial court adopted the jointly-recommended sentence and ordered the sentences to be served concurrently.  The trial court reiterated to Miller that if he violated the conditions of his community control sanction, the trial court will revoke the sanction and impose a prison term of 30 months.

{¶5} In October 2024, the State filed an amended motion to revoke Miller's community control sanction for violating the conditions of his sentence.  A hearing was held on October 16, 2024, in which Kyle Goodson from the adult probation department addressed the trial court and stated the following:

> The defendant successfully completed the STAR program on April 3rd, 2020.  The defendant reported to the probation department through November 27th, 2020 as instructed.  From November 28th, 2020, through April 29th, 2021, the defendant would fail to report to the probation department.  On April 30th, 2021, the defendant reported to the probation department after receiving a certified letter to report.  The defendant would sign an admission violating condition number one of his community control sanctions for non-reporting. On September 22nd, 2021, the defendant's supervision was transferred to Gallia County Probation.  On June 22nd, 2023, the defendant was arrested and charged with domestic violence for assault on his mother.  On June 23rd, 2023, while incarcerated in the

Gallia County Jail, the defendant was drug tested and tested positive for methamphetamines, amphetamines, and MDMA. On or about August 9th, 2023, the defendant plead guilty to aggravated menacing and was sentenced to 180 days in jail with credit for time served of 49 days served. . . . On or about September 20th, 2024, this agency was contacted by a case manager from TCC (The Counseling Center) advising the defendant was in residential treatment at their facility. . . . On or about October 9th, 2024, TCC transported the defendant to the Lawrence County Jail where he turned himself in to deputies for the capias.

**{¶6}** After the probation officer's statements, the trial court addressed Miller's counsel and questioned how Miller wished to plea. Miller stated that he did not understand the trial court's question. The trial court then took a brief recess so that Miller could discuss his options with his counsel. After the recess, the trial court questioned whether Miller and his counsel had sufficient time to discuss the matter. Miller's counsel responded that they did. The trial court then addressed Miller and asked: "are you in fact guilty of said violations?" Miller responded: "Yes, Your Honor." The trial court accepted Miller's admission and found that he violated the conditions of his community control sanction. Miller waived a separate disposition hearing, thus, the trial court proceeded to sentencing.

**{¶7}** The trial court asked Miller's counsel if there was anything he wished to say as to mitigation. Counsel responded: "No, thank you." The trial court asked Miller if he wished to say anything and he responded: "No. I just would like to stay involved in TCC right now and I'm just hoping that will show what my aim is." The trial court found that Miller was not amenable to a community control sanction and imposed the reserved 30-month prison term as to count two. It is from this judgment of conviction entry that Miller appeals.

ASSIGNMENT OF ERROR

APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶8} In his sole assignment of error, Miller argues that his trial counsel at the community control sanction revocation hearing was ineffective for failing to present any mitigating evidence. Miller contends that there were several mitigating factors that should have been highlighted to the trial court such as Miller completing the STAR program, his goal to continue with drug treatment, his compliance with the conditions of his sanction when in treatment, and his conduct of turning himself in and reporting to the probation department. Miller maintains that there is a reasonable probability that the resulting sanction imposed by the trial court would have been less severe but for his trial counsel's failure to present any mitigating evidence on his behalf.

{¶9} The State in response asserts that Miller's argument lacks merit because under the totality of the circumstances, the record is clear that Miller violated several of the conditions of his community control sanction that warranted the imposition of the 30-month prison term and the sentence imposed is within the trial court's discretion. Thus, the State maintains that Miller cannot meet his burden in demonstrating he was prejudiced by his trial counsel's representation.

Law and analysis

{¶10} To demonstrate ineffective assistance of counsel, Miller "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable

probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 2011-Ohio-3641, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1988), paragraph two of the syllabus. Failure to demonstrate either prong of this test "is fatal to the claim." *State v. Jones*, 2008-Ohio-968, ¶ 14 (4th Dist.), citing *Strickland*.

{¶11} Miller "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62, citing *State v. Calhoun*, 1999-Ohio-102, ¶ 62, citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299 (1965). "In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents that demonstrate that the petitioner was prejudiced by the ineffective assistance." *Id.*, citing *State v. Davis*, 133 Ohio App.3d 511, 516 (8th Dist.1999).

{¶12} As relevant here,

> [g]enerally, an attorney's failure to reasonably investigate a defendant's background and present mitigating evidence at sentencing can constitute ineffective assistance of counsel. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 38, citing *Wiggins v. Smith*, 539 U.S. 510, 521–522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).
> . . . [However] " 'the decision to forego the presentation of additional mitigating evidence does not constitute proof of ineffective assistance of counsel.' " *State v. Collins*, 2019-Ohio-3428. ¶ 20, quoting *State v. Keith*, 79 Ohio St.3d 514, 536 (2001). Importantly, " '[t]he presentation of mitigating evidence is matter of trial strategy.' " *Collins* at ¶ 20, quoting *Keith* at 530.

*State v. Woodfork*, 2025-Ohio-2786, ¶ 106-107 (4th Dist.).

{¶13} Further, "the Supreme Court of Ohio has indicated that we 'cannot infer a defense failure to investigate from a silent record.' " *State v. McIntyre*,

2020-Ohio-2680, ¶ 12 (4th Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 65, citing *State v. Were*, 2008-Ohio-2762, ¶ 244.  What is more, "we have recognized that speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim."  *Woodfork* at ¶ 73.

{¶14} In the matter at bar, Miller's assertion that his trial counsel was ineffective for failing to present any mitigating evidence at the revocation hearing is purely speculative.  After admitting to violating his community control sanction conditions by failing to report for several months, testing positive for methamphetamine, and pleading guilty to a new offense of aggravated menacing, Miller waived a separate disposition hearing.  After he waived a separate hearing, the trial court proceeded directly to sentencing after accepting his admission to the violations.

{¶15} At the combined hearing, the trial court was advised of the mitigating evidence that Miller claims his counsel should have presented.  This includes Miller completing the STAR program, reporting to probation for several months, and, once Miller received the letter from the probation department that he needs to return to reporting, he complied and surrendered.  The record before us does not include any evidence that there was additional mitigating evidence to present.  Miller himself had the opportunity to present mitigating evidence at the sentencing part of the hearing, and he simply stated: "No. I just would like to stay involved in TCC right now and I'm just hoping that will show what my aim is."

{¶16} Therefore, based on the record before us, Miller's argument is

based on speculation that there was additional mitigating evidence to present, and that this additional evidence would have affected the trial court's discretion to impose the shelved 30-month prison term.

{¶17} Accordingly, Miller fails to meet his burden in demonstrating that he was prejudiced by his counsel's representation.  Thus, we overrule Miller's assignment of error.

CONCLUSION

{¶18} We overrule Miller's argument that his trial counsel was ineffective and affirm his prison term sentence of 30 months.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**